<u>**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**</u>

| | |
|---|---|
| IDRIS ABDUS-SHAHID | * |
| | * |
| PLAINTIFF | * |
| v. | *    Case Number: |
| | * |
| MAYOR AND CITY COUNCIL | * |
| OF BALTIMORE CITY *et al*. | * |
| | * |
| DEFENDANT | * |
| | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**COMPLAINT AND JURY DEMAND**</u>

Plaintiff Idris Abdus-Shahid ("Plaintiff"), by and through undersigned counsel, brings this civil action against Defendants the Mayor and City Council of Baltimore and/or Baltimore City Department of Transportation (collectively, the "City" or "Municipal Defendants"), and against individual Defendants Bimal Devkota ("Devkota"), and Nick Fontanez ("Fontanez"), and alleges as follows:

**PARTIES**

1.  Plaintiff is an individual residing in Baltimore, Maryland, and at all relevant times was employed by the Baltimore City Department of Transportation ("DOT") in Construction Supervisor Two (2)

2.  Defendant Mayor and City Council of Baltimore is a municipal corporation organized under the laws of the State of Maryland and at all relevant times was Plaintiff's employer within the meaning of federal and state anti-discrimination and wage laws.

3.  Defendant Baltimore City Department of Transportation is a department, agency, or instrumentality of the Mayor and City Council of Baltimore and at all relevant times was Plaintiff's employer and/or joint employer.

4.  Defendant Bimal Devkota is, upon information and belief, a managerial employee or supervisor within DOT, with authority over terms, conditions, and privileges of Plaintiff's employment. He is sued in his individual and official capacities.

5.  Defendant Nick Fontanez is, upon information and belief, a managerial employee or supervisor within DOT-HR and/or related City departments, with authority

over terms, conditions, and privileges of Plaintiff's employment. He is sued in his individual and official capacities.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

7.  This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred within the District of Maryland and Defendants reside or conduct business herein.

9.  Plaintiff has exhausted administrative remedies to the extent required for federal and state discrimination and retaliation claims, including filing charges/complaints with the City EEO, U.S. EEOC, and related agencies, and has received right-to-sue on December 16, 2025.

## FACTUAL ALLEGATIONS

10.  Plaintiff is a practicing Muslim and, at all relevant times, engaged in protected activities by making good-faith complaints to the City EEOC, U.S. EEOC, City Law Department, OIG, DHR, and DOT management regarding discrimination, harassment, retaliation, workplace violence, and wage/payment issues.

11.  From May 2023 through February 2024, Plaintiff experienced disparate treatment, harassment, retaliation, and wage/payment irregularities orchestrated or condoned by Defendants.

12.  On June 2, 2023, Devkota, through subordinates, sent an email stating that the previously approved leave for May 22, 2023 to June 21, 2023 was an error.

13.  On June 5, 2023, Devkota, through subordinates, sent a text message and placed a phone call stating that the approved leave for May 22, 2023 to June 21, 2023 was approved in error.

14. On June 26, 2023, Plaintiff submitted complaints to the City EEOC, U.S. EEOC, and the City Law Department alleging that Devkota failed to approve or deny Plaintiff's leave request timely as was done for other employees.

15.  On June 29, 2023, Fontanez and Devkota instructed staff to fraudulently change the Plaintiffs request for leave for June 22, 2023 to August 11, 2023 to zero hours without Plaintiff's consent, without the Plaintiff's signature despite manual approval by the Department of Finance. Plaintiff did not receive payment for the approved leave.

16. On July 6, 2023, Baltimore City Supervision failed to initiate an investigation into a February 9, 2023 workplace violence handgun incident involving Devkota until approximately six months later.

17. On July 7, 2023, Plaintiff filed a formal complaint to the City EEOC, OIG, U.S. EEOC, and the City Civil Rights division regarding the fraudulent alteration of the Plaintiff's leave request.

18. On July 17, 2023, an email confirmed that all other employees were instructed to return to work for two days of in-person work, while Plaintiff was required to report for three days, and Plaintiff was suspended following this disparate instruction.

19. On July 28, 2023, Plaintiff submitted a formal complaint to Fontanez's immediate supervisor alleging acts constituting moral turpitude.

20. On August 8, 2023, a report from DOT management victim-blamed Plaintiff for the workplace violence incident and recommended disciplinary action and transfer.

21. On August 10, 2023, Fontanez's immediate supervisor refused to investigate or take corrective action against Fontanez despite evidence provided by Plaintiff.

22. On August 14, 2023, Plaintiff's complaint was forwarded to DHR and OIG for a full investigation.

23. On August 23, 2023, Devkota imposed a 21-day reduction in leave suspension.

24. On August 28, 2023, Hearing Officer Corey overturned a one-day suspension at the third step of the grievance process.

25. On August 28, 2023, a separate grievance meeting request was denied, violating Plaintiff's due process rights.

26. On August 30, 2023, the City EEOC ruled Plaintiff's discrimination claims against Devkota unsubstantiated.

27. On September 1, 2023, Plaintiff suffered religious discrimination when a request to perform a mandatory Islamic prayer was denied.

28. On September 1, 2023 Plaintiff informed City EEO, OIG, Management, DHR and Mayor's Office Neighborhoods of complaint to attend mandatory Islamic prayer being denied.

29. On September 5, 2023, City DHR reported a violation of the workplace violence policy by DOT-HR under Fontanez.

30. On September 8, 2023, Devkota emailed Plaintiff directing Plaintiff to copy the immediate supervisor on all emails, a mandate not applied to other employees.

31. On October 12, 2023, Plaintiff filed a formal complaint regarding refusal to pay worked overtime and issues relating to leave requests.

32. On October 13, 2023, a leave request to recover from the workplace violence incident was denied.

33. On October 26, 2023, Plaintiff complained about work being reassigned to a subordinate.

34. On October 31, 2023, Plaintiff complained about retaliation related to denied overtime.

35. On November 6, 2023, Plaintiff filed addendums to City EEO complaints.

36. On November 8, 2023, Plaintiff requested recommendations for a transfer from a toxic work environment.

37. On November 21, 2023, Plaintiff complained about being left out of communication loops.

38. On November 28, 2023, Plaintiff filed a formal complaint again about being left out of communication loops.

39. On November 30, 2023, Plaintiff received a written write-up without prior discussion or investigation.

40. On December 5 and 6, 2023, Plaintiff received improper written reprimands for not moving items out of the office.

41. On December 20, 2023, Plaintiff received a false written reprimand for not attending a virtual meeting in person.

42. On January 4, 2024, the City denied Plaintiff's request for religious accommodation.

43. On January 19, 2024, EEOC stated it could not substantiate Plaintiff's claims against management.

44. On February 14, 2024, the Office of Legal Counsel (OLC) closed Plaintiff's grievances without consent, contrary to applicable grievance policy.

45. As a result of Defendants' conduct, Plaintiff suffered lost wages, lost overtime, loss of leave pay, emotional distress, humiliation, reputational harm, and other damages.

## COUNT I: DISCRIMINATION ON THE BASIS OF RELIGION (TITLE VII)
### (Against Municipal Defendants)

46. Plaintiff incorporates paragraphs 1–46.

47. Plaintiff is a member of a protected class based on religion (Islam).

48. Defendants subjected Plaintiff to adverse actions, including but not limited to denial of religious prayer on September 1, 2023, denial of religious

accommodation on January 4, 2024, disparate return-to-office requirements on July 17, 2023, discipline, suspension, and other differential treatment.

49. Similarly situated employees outside Plaintiff's protected class were treated more favorably with respect to leave processing, return-to-office schedules, email mandates, discipline, and accommodations.

50. Defendants' actions were motivated, at least in part, by discriminatory animus based on Plaintiff's religion.

51.  Plaintiff suffered damages and is entitled to relief as set forth below.

### COUNT II: FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION (TITLE VII) (Against Municipal Defendants)

52. Plaintiff incorporates paragraphs 1–52.

53. Plaintiff notified Defendants of sincerely held religious beliefs and the need for accommodation, including a request to perform mandatory Islamic prayer on or about September 1, 2023 and a formal accommodation request on or about January 4, 2024.

54. Defendants denied reasonable accommodation and failed to engage in a good-faith interactive process, despite the availability of accommodations that would not have posed an undue hardship.

55.  Plaintiff suffered damages as a result.

### COUNT III: RETALIATION (TITLE VII) (Against Municipal Defendants)

56. Plaintiff incorporates paragraphs 1–56.

57. Plaintiff engaged in protected activity by filing complaints with the City EEOC, U.S. EEOC, OIG, DHR, City Law Department, and DOT management beginning at least June 26, 2023 and continuing thereafter.

58. Following protected activity, Defendants subjected Plaintiff to materially adverse actions, including but not limited to altered/withheld leave pay, suspension, denial of meetings and grievance processing, write-ups, reprimands, email restrictions, denial of overtime and leave, and closure of grievances without consent.

59. Causal connections exist between the protected activities and the adverse actions, as evidenced by close temporal proximity and a pattern of escalating retaliatory conduct.

60. Plaintiff suffered damages as a result.

### COUNT IV: HOSTILE WORK ENVIRONMENT/HARASSMENT (TITLE VII) (Against Municipal Defendants)

61. Plaintiff incorporates paragraphs 1–61.

62. Defendants subjected Plaintiff to unwelcome conduct including victim-blaming regarding workplace violence, disparate RTO mandates, unnecessary email mandates, repeated unfounded reprimands, interference with leave and pay, and exclusion from communications.

63. The conduct was based on Plaintiff's protected status and/or protected activities and was severe or pervasive enough to alter the conditions of employment and create an abusive working environment.

64.  Management knew or should have known of the harassment and failed to take effective remedial action.

65.  Plaintiff suffered damages as a result.

## COUNT V: DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION (MARYLAND FAIR EMPLOYMENT PRACTICES ACT) (Against Municipal Defendants)

66. Plaintiff incorporates paragraphs 1–66.

67. Defendants' acts and omissions constitute unlawful discrimination, failure to provide religious accommodations, and retaliation in violation of Maryland law.

68. Plaintiff suffered damages as a result.

## COUNT VI: INTERFERENCE WITH AND RETALIATION FOR EXERCISING RIGHTS UNDER THE FMLA [OR LEAVE-RELATED STATUTE TO BE DETERMINED] (Against Municipal Defendants)

69. Plaintiff incorporates paragraphs 1–69.

70. Plaintiff requested and obtained approval for leave from May 22, 2023 to June 21, 2023 and from June 22, 2023 to August 11, 2023, which was later reversed, altered to zero hours, or designated as an error without consent.

71. Defendants interfered with Plaintiff's rights to approved leave and retaliated against Plaintiff for attempting to exercise leave rights by denying payment, altering records, suspending leave, and imposing discipline.

72.  Plaintiff suffered damages as a result.

## COUNT VII: FAILURE TO PAY OVERTIME AND WAGES (FLSA AND MARYLAND WAGE AND HOUR LAW) (Against Municipal Defendants)

73.  Plaintiff incorporates paragraphs 1–73.

74. Plaintiff performed compensable work, including overtime, for which payment was refused or delayed, as complained of on October 12, 2023 and October 31, 2023 and on other dates.

75. Defendants failed to pay overtime and/or straight-time wages for all hours worked and failed to pay approved leave, including leave manually approved by the Department of Finance for June 22, 2023 to August 11, 2023.

76. Defendants' violations were willful.

77. Plaintiff is entitled to unpaid wages, overtime, liquidated damages or treble damages as permitted, interest, attorneys' fees, and costs.

## COUNT VIII: DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983 (Against Individual Defendants and Municipal Defendants)

78.  Plaintiff incorporates paragraphs 1–78.

79. Plaintiff possessed constitutionally protected property interests in employment benefits, wages, approved leave, and grievance procedures established by policy.

80. Defendants, acting under color of state law, deprived Plaintiff of due process by, among other things, altering approved leave to zero hours without consent, withholding pay, imposing suspensions and reprimands without adequate notice or opportunity to be heard, denying a grievance meeting on August 28, 2023, and closing grievances without consent on February 14, 2024.

81.  Municipal Defendants maintained policies, customs, or practices, or failed to train/supervise, that were the moving force behind the violations.

82.  Plaintiff suffered damages as a result.

## COUNT IX: RELIGIOUS DISCRIMINATION AND FAILURE TO ACCOMMODATE (42 U.S.C. § 1983—EQUAL PROTECTION/FREE EXERCISE) (Against Individual Defendants and Municipal Defendants)

83. Plaintiff incorporates paragraphs 1–83.

84. Individual Defendants, acting under color of state law, intentionally discriminated against Plaintiff because of religion and burdened Plaintiff's religious exercise by denying prayer on September 1, 2023 and denying accommodation on January 4, 2024 without a legitimate, neutral, and narrowly tailored justification.

85. Municipal Defendants are liable for policies, customs, or deliberate indifference causing the constitutional violations.

86. Plaintiff suffered damages as a result.

## COUNT X: RETALIATION FOR PROTECTED SPEECH/PETITION (42 U.S.C. § 1983—FIRST AMENDMENT) (Against Individual Defendants and Municipal Defendants)

87. Plaintiff incorporates paragraphs 1–87.

88. Plaintiff engaged in protected speech and petitioning by reporting discrimination, workplace violence, fraud in leave records, and wage violations to internal and external agencies.

89. Defendants took adverse actions against Plaintiff because of this protected activity, including discipline, suspension, altered records, denial of pay, interference with grievances, and exclusion from communications.

90. Plaintiff suffered damages as a result.

## COUNT XI: MARYLAND WAGE PAYMENT AND COLLECTION LAW (Against Municipal Defendants)

91. Plaintiff incorporates paragraphs 1–91.

92. Defendants failed to timely pay wages due, including approved leave and earned overtime, and withheld wages in bad faith.

93. Plaintiff is entitled to wages due, treble damages, interest, attorneys' fees, and costs as permitted.

## COUNT XII: NEGLIGENT SUPERVISION, RETENTION, AND TRAINING (Against Municipal Defendants)

94. Plaintiff incorporates paragraphs 1–94.

95. Municipal Defendants knew or should have known of Devkota's and Fontanez's propensity to engage in discriminatory, retaliatory, and unlawful wage practices and failed to take appropriate corrective actions, including timely investigation of the February 9, 2023 workplace violence incident.

96. As a direct and proximate result, Plaintiff suffered damages.

## COUNT XIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [to be determined under Maryland law] (Against Individual Defendants and Municipal Defendants)

97. Plaintiff incorporates paragraphs 1–97.

98. Defendants engaged in extreme and outrageous conduct, including victim-blaming after a workplace violence incident, manipulating leave/pay records, and targeting Plaintiff for disparate discipline and religious denials.

99. Defendants acted intentionally or recklessly, causing Plaintiff severe emotional distress and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants, and award the following relief:

a) Declaratory relief that Defendants' acts and practices violated Plaintiff's rights under federal and state law;

b) Injunctive relief requiring Defendants to cease discriminatory, harassing, and retaliatory practices; to implement training, monitoring, and corrective measures; to restore and correct leave/pay records; and to provide reasonable religious accommodations;

c) Reinstatement to the status quo ante or, in the alternative, front pay and/or transfer to a comparable, non-retaliatory position [to be determined];

d) Back pay, lost benefits, and compensatory damages for emotional distress, humiliation, reputational harm, and other non-economic losses;

e) Unpaid wages and overtime, liquidated damages under the FLSA, and treble damages under Maryland wage statutes, with pre- and post-judgment interest;

f) Punitive damages against Individual Defendants where permitted by law;

g) Attorneys' fees and costs as allowed by law;

h) Such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all issues so triable.

Date: March 16, 2026

Respectfully submitted,

_____

By: Mohamed Bamba, Esq
Bar No. 21500
10015 Old Columbia Road Suite B-215
Phone: 443-656-8310
Fax: 443-656-8309
Mohamed@bambalaw.com
Counsel for Plaintiff